UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RENTALS FIRST, LLC,

    Plaintiffs,

v.                                          Case No. 8:24-cv-01025-TPB-NHA

STEPHANIE GARMON, et al,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

I recommend Defendants' motion to proceed without pre-paying the filing fee (Doc. 2) be denied, and that this action be remanded to the Circuit Court for the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, because the Court lacks jurisdiction over this lawsuit.

Defendants Stephanie Garmon and Luis Ostolaza removed from state court the eviction action brought against them by Plaintiff Rentals First, LLC. Doc. 1; *see also Rentals First, LLC v. Stephanie Garmon, et al,* Case No. 23-CC-15443 (Hills. Co. Fla. Cir. Ct. 2023) (the "*State Court Case*"). Defendants, who are not represented by a lawyer, seek to litigate the claim against them, and their counterclaims, in federal court, without pre-paying the filing fee. Doc. 2.

## Background

Plaintiff is a Florida limited liability company[1] that rents residential property to Defendants in Seffner, Florida. Doc. 1. On November 27, 2023, Plaintiff filed a residential eviction action against Defendants in the Thirteenth Judicial Circuit in and for Hillsborough County, Florida. *State Court Case*, Doc. 1. Plaintiff claimed that Defendants owed it rent in an amount less than $15,000. *Id*. On December 11, 2023, Ms. Garmon answered Plaintiff's Complaint and brought a counterclaim valued at $2,500 or less.[2] *State Court Case*, Docs. 5, 11. Mr. Ostolaza was served on February 3, 2024, but never answered the Complaint, prompting the Clerk of Court to enter default against him. *State Court Case*, Docs. 10, 13.

On March 15, 2024, Plaintiff moved for final judgment and sought a writ authorizing it to take possession of the property from Defendants. *State Court Case*, Doc. 15. The matter was set for a hearing on April 17, 2024, at 2:15p.m. *State Court Case*, Doc. 17. But, on the day the hearing was scheduled, Ms.

---

[1] Records of the Florida Department of State, Division of Corporations, are available at www.sunbiz.org, a verified website of a public agency. Federal Rule of Evidence 201 permits courts to take judicial notice of "a fact that is not subject to reasonable dispute because it[ ] ... can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "The court may take judicial notice at any stage of the proceeding." Fed. R. Evid. 201(d).

[2] The nature of the counterclaim is unknown, as Defendants have failed to follow Local Rule 1.06(b), which requires then to file a legible copy of each paper docketed in the state court.

2

Garmon informed the state court that she was removing the case to this Court. *State Court Case*, Doc. 23.

In Defendants' notice of removal, they assert counterclaims against Plaintiff for trespass with damages; attempted extortion; fraud and intimidation; fraud and swindles; simulated legal process with intent to defraud; vexatious litigation; false statements and misrepresentation; conspiracy to commit fraud and extortion; intentional, willful, and malicious intent to inflict emotional distress and mental anguish; conspiracy to deprive of rights; and failure to provide validation of debt and certified W-9. Doc. 1 at pp. 12-13. Defendants appear to allege in these claims that Plaintiff failed to properly maintain the rental property, causing physical injury and financial harm to Defendants and their minor children, and that Plaintiff acted unlawfully in the state court proceeding. Doc. 1.

**Standard of Review/Applicable Law**

The federal statute that governs the right to bring a lawsuit without pre-paying a filing fee, 28 U.S.C. § 1915, "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Accordingly, the statute permits a litigant to commence an action in federal court "by filing in good faith an affidavit stating . . . that he is unable to pay the costs of the lawsuit." *Id.* "Congress recognized, however, that a litigant whose filing fees and court costs are assumed by the

3

public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Id.* To that end, section 1915 provides that a court shall dismiss a case if the court determines the action is frivolous or malicious or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous when a complaint lacks an arguable basis either in law or in fact. *Neitzke*, 490 U.S. at 325.

Independent of the Court's duty under § 1915(e) to evaluate the claim of a party proceeding in forma pauperis, the Court also has an obligation to ensure that subject matter jurisdiction exists. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *see also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) ("[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety.").

Relevant here, a federal court has jurisdiction over a case that is removed from state court to federal court only when the federal court has original jurisdiction over the case. 28 U.S.C. § 1441(a). Original jurisdiction arises if there is diversity jurisdiction or federal question jurisdiction. *See* 28 U.S.C. § 1441(b). Diversity jurisdiction exists where (1) the matter in controversy exceeds $75,000, exclusive of interest and costs, and (2) the parties are citizens of different states, or of a state and a foreign state. 28 U.S.C. § 1332. Federal question jurisdiction exists over "all civil actions arising under the

4

Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Defenses and counterclaims (i.e., claims brought by defendants against plaintiffs) cannot serve as the basis for federal question jurisdiction. *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 836 (2002) ("[A] counterclaim—which appears as part of the defendant's answer, not as part of the plaintiff's complaint—cannot serve as the basis for 'arising under' jurisdiction."); *Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 808 (1986) ("A defense that raises a federal question is inadequate to confer federal jurisdiction.").

The removing party bears the burden of proving federal jurisdiction over the underlying action. *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1211 (11th Cir. 2007). Critically, unless the removing party proves otherwise, "[i]t is to be presumed that a cause lies outside [a federal court's] limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

## Analysis

Defendants assert that this Court has subject matter jurisdiction over their case, because the case involves a federal question (Doc. 1, p. 2), but, on the civil cover sheet that Defendants filed with the Court, Defendant's select "diversity jurisdiction." (Doc. 1-1). I examine whether jurisdiction exists on either basis.

First, there is no basis for federal question jurisdiction, because the underlying cause of action is an eviction proceeding. This is a state law cause of action (*see* § 34.011, Fla. Stat.), and there is no question of federal law necessary for Plaintiff to obtain the eviction. Reinforcing the state nature of this claim, I note that Florida law grants its courts "exclusive power" over disputes over eviction actions within the state. *DiMassimo v. City of Clearwater*, 805 F.2d 1536, 1540 (11th Cir. 1986) (citing § 34.011, Fla. Stat.).

To the extent that Defendants purport to assert counterclaims under federal law (*see* Doc. 1, pp. 4–5 (referencing constitutional and federal law violations)), the counterclaims cannot serve as the basis for federal question jurisdiction. *Holmes Group*, 535 U.S. at 836 ("[A] counterclaim . . . cannot serve as the basis for 'arising under' jurisdiction.").

In the alternative, Defendants indicate that diversity jurisdiction exists, because Plaintiff is a citizen of Florida, and Defendants are citizens of a foreign country. Doc. 1-1. Indeed, according to the records of the Florida Department of State, Division of Corporations, Plaintiff is a Florida citizen because at least one of its members is a Florida citizen. *See Rolling Greens MHP v. Comcast SCH Holdings, LLC*, 374 F.3d 1020, 1021–22 (11th Cir. 2004) (explaining the citizenship of a limited liability company is determined by the citizenship of all the members composing the entity). But, rather than identify any foreign country of which Defendants are citizens, Defendants appear to assert that

6

they are "sovereign citizens," listing themselves as "Non-res[ident] Alien[s], Sojourner[s], Denizen[s]," who live near Seffner, Florida, but with no United States address. Doc. 1 at 14.

For purposes of diversity jurisdiction, an individual is deemed to be citizen of the state in which he or she is domiciled. *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002) (defining a person's domicile as the place of his "true, fixed, and permanent home"). Defendants offer no facts establishing that they are domiciled in another state or country. *See Lowery*, 483 F.3d at 1211 (placing the burden on the party asserting federal jurisdiction to proffer facts showing it). Rather, Defendants indicate that they lived in Seffner, Florida at the time of filing, and the record otherwise reinforces that Defendants are domiciled in and, therefore, citizens of Florida. *State Court Case*, Doc. 1 (seeking to evict Defendants from a Florida property); Doc. 1, p. 6 (mentioning Defendants lived at the subject property for at least 18 months). Defendants' self-proclamation that they are sovereign citizens with no address within the United States, in view of the record to the contrary, does not carry their burden to establish diversity jurisdiction. *See Allah El v. Avesta Homes, LLC*, 520 F. App'x 806 (11th Cir. 2013) (The plaintiffs' status as Moorish Americans did not render them diverse for purposes for jurisdiction absent allegations that they were citizens of a different nation or resided in a state other than Florida); *see also United States v. Sterling,* 738 F.3d 228, 233 n.1

7

(11th Cir. 2013) (citing *United States v. Benabe*, 654 F.3d 753, 761-67 (7th Cir. 2011)) ("Courts have been confronted repeatedly by [sovereign citizens'] attempts to delay judicial proceedings and have summarily rejected their legal theories as frivolous."). Because the record indicates that Plaintiff and Defendants are domiciled in the same state (Florida), this Court lacks diversity jurisdiction.

Given the Court lacks jurisdiction over this matter, I recommend the District Court deny Defendants' motion to proceed without pre-paying the filing fee, and remand the case to state court.

## Conclusion

Accordingly, I **RECOMMEND**:

(1) Plaintiff's motion to proceed in forma pauperis (Doc. 2) be DENIED; and

(2) This action be REMANDED to the Circuit Court for the Thirteenth Judicial Circuit in and for Hillsborough County.

SUBMITTED for the District Court's consideration on May 9, 2024.

_____
NATALIE HIRT ADAMS
United States Magistrate Judge

8

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. To expedite resolution, parties may file a joint notice waiving the 14-day objection period.