UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RENTALS FIRST, LLC,

    Plaintiff,

v.                                                  Case No. 8:24-cv-1025-TPB-NHA

STEPHANIE GARMON, et al.,

    Defendants.
_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION**

This matter is before the Court on the report and recommendation of Natalie Hirt Adams, United States Magistrate Judge. (Doc. 4). Judge Adams recommends the Court deny Defendants' motion to proceed *in forma pauperis* (Doc. 2) and remand the case to the Circuit Court for the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, due to lack of subject matter jurisdiction. Defendant Stephanie Garmon filed an objection to the report and recommendation (Doc. 6), and then an amended objection (Doc. 7).[1] Although Plaintiff has a right to file a

---

[1] The Court notes that the notice of removal and objections to the report and recommendation were not signed by Defendant Luis Ostolaza, although they were also purportedly submitted on his behalf by Garmon as his "agent/representative" and "power of attorney." This is not permissible. Florida law provides that "[a]ny person not licensed or otherwise authorized to practice law in this state who practices law in this state . . . commits a felony of the third degree . . ." § 454.23, *Florida Statutes.* Garmon is warned that she may be subject to criminal prosecution for engaging in the unauthorized practice of law if she continues to file motions, documents, or other papers on behalf of parties when she is not a licensed attorney in this jurisdiction.

response to these objections, a response is not necessary here. *See* Fed. R. Civ. P. 72(b)(2).

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); 718 F.2d 198, 199 (4th Cir. 1983); *Williams v. Wainwright*, 681 F.2d 732 (11th Cir. 1982). A district court must "make a de novo determination of those portions of the [report and recommendation] to which an objection is made." 28 U.S.C. § 636(b)(1)(C). When no objection is filed, a court reviews the report and recommendation for clear error. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006); *Nettles v. Wainwright*, 677 F.2d 404, 409 (5th Cir. 1982).

After careful consideration of the record, including Judge Adams's very well-reasoned report and recommendation, the Court adopts the report and recommendation in full. The Court agrees that it lacks subject matter jurisdiction because there is no basis for federal question jurisdiction on the face of the complaint, and because diversity jurisdiction does not exist.

Although Defendants seem to take offense at being described as "sovereign citizens," the filings have been replete with "the legal-sounding but meaningless verbiage commonly used by adherents to the so-called sovereign citizen movement." *See Sealey v. Branch Banking and Trust Co.*, No.: 2:17cv785-MHT-SMD, 2019 WL 1434065, at *2 (M.D. Ala. Feb. 21, 2019). The arguments and legal theories espoused by sovereign citizens have been consistently rejected as "utterly frivolous,

patently ludicrous, and a waste of . . . the court's time, which is being paid by hard-earned tax dollars." *See Young v. PNC Bank, N.A.*, No. 3:16cv298/RV/EMT, 2018 WL 1251920, at *2 (N.D. Fla. Mar. 12, 2018) (citing *Roach v. Arrisi*, No. 8:15-cv-2547-T-33AEP, 2016 WL 8943290, at *2 (M.D. Fla. Jan. 7, 2016)). Regardless of whether Defendants in this case consider themselves to be "sovereign citizens" or not, their filings in this case are utterly frivolous, patently ludicrous, and a waste of time.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. Judge Adams's report and recommendation (Doc. 4) is **AFFIRMED** and **ADOPTED** and **INCORPORATED BY REFERENCE** into this Order for all purposes, including appellate review.

2. Defendants' motion to proceed *in forma pauperis* (Doc. 2) is **DENIED**.

3. This case is **REMANDED** to the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida.

4. Once remand is effected, the Clerk is directed to terminate any pending motions and deadlines and thereafter close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 30th day of May, 2024.

TOM BARBER
UNITED STATES DISTRICT JUDGE